## Mike Grubic, Appellee, v. Western Tube Company, Appellant.

### Gen. No. 4,925.

VERDICT—*when not set aside as against the evidence.* A verdict will not be disturbed on review as against the weight of the evidence where a verdict under the conflicting evidence appearing in the case would have been justified either way.

Action in case for personal injuries. Appeal from the Circuit Court of Henry County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

CHARLES K. LADD, for appellant.

ANDERSON & ANDREWS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Grubic v. Western Tube Co.

This is an appeal by defendant below from a judgment for $375, which Mike Grubic recovered against his employer, Western Tube Company, appellant, for injuries which appellee received from stepping into a pit of hot water while at work. The only point argued is that the court should have directed a verdict for appellant at the close of all the evidence. That only raises the question whether there was evidence fairly tending to make a case for appellee.

This was the third night appellee had worked for appellant. On that night his foreman caused him and others to carry a new furnace door to the furnace room, in a building in which appellee had not previously worked. Others hung the door, and appellee was then directed to adjust the weights by which the door was in part suspended. There was a pit of water under or near where the weights were to be hung. When the ashes and cinders were raked off of the grates of that furnace, they were raked into this water, and they made the water very hot. While appellee was adjusting the weights, he stepped one foot into the pit and was severely scalded. The declaration alleged that appellee had not been about the furnace before; that he did not know of the existence of the pit of hot water, and was not informed thereof nor of its dangers; that appellant knew of the pit and its dangers and directed him to work there without warning him; that the lights in the furnace room were so hung that the pit was in a shadow, and that smoke from the furnace also dimmed the view; that his employer took him from a less hazardous place and put him at this work without warning him of the dangers of this place; and it charged appellant with negligence in these respects, and averred that appellee was using due care for his own safety.

Appellee's proof was to the effect that he was a Croatian and could not speak or understand English; that the foreman spoke English and could not speak appellee's language, and gave his orders either by motions or through another servant who spoke both languages; that appellee did not know of the existence of the pit, and did not see it and was not warned of it; that the water was made black by the

cinders and ashes, and the brick floor was black with the cinders and ashes upon it, so that the floor and the water looked alike; that the pit was in the shadow; and that appellant had shown that the pit was known to it to be dangerous by causing it to be guarded by a shield placed around it; and the evidence warrants an inference that the shield was not in place that night. Appellant's proof was to the effect that the room was light and the water in plain sight, and that the foreman told the interpreter to warn appellee to look out for the water. The interpreter, a witness for appellant, vacillated in his testimony, and had made statements off the stand not in harmony with his testimony. He testified that the foreman told him to tell the fellows to watch for the water and not slip in the hole, and that he told that to them all in appellee's language, but that he did not know whether they heard him; and that the foreman did not tell him that the water was hot but only to watch the water. The proof showed that there was much noise and confusion in the furnace room.

The proof was sharply conflicting. That introduced by appellee supported the declaration. A verdict either way upon the facts, approved by the trial judge, should not be disturbed here. It would have been error to direct a verdict for appellant. The damages awarded are moderate for the injuries sustained.

The judgment is therefore affirmed.

*Affirmed.*